# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF WILLIAM SWAFFORD, BAR NO. 11469.

No. 71844

FILED

SEP 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that attorney William Swafford be suspended for six months and one day to run consecutive to his prior suspension based on violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), and RPC 8.4(d) (misconduct). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Swafford committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Swafford failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Swafford violated the above-referenced rules by failing to timely file a pleading on behalf of a client, adequately plead the client's claims, communicate with the client, deposit the client's funds into his trust account, and refund the client his unearned fees.

---

[1]The complaint and notice of intent to proceed on a default basis were served on Swafford via regular and certified mail at his SCR 79 address and a Chicago address he had previously provided to the State Bar, as well as emailed to him. Swafford was personally served a notice of the disciplinary hearing and he appeared at the hearing.

17-30361

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Swafford knowingly violated duties owed to his client (competence, diligence, communication, fees, and safekeeping property). The client was injured because his action was not properly pleaded, he had to retain new counsel to amend the pleading and proceed with the action, and he did not receive a refund of unearned fees. The baseline sanction for Swafford's misconduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2013) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client . . .").

The panel found one aggravating circumstance (prior discipline) and five mitigating circumstances (personal and emotional problems, cooperative attitude toward the bar proceeding, remorse, inexperience in the practice of law, and mental disability). SCR 102.5. Specifically, Swafford was undergoing active medical treatment for a severe medical condition during his representation of the client and both his father and his uncle were diagnosed with terminal illnesses. Considering the numerous mitigating circumstances, the recommended suspension appears

appropriate, even though this is Swafford's second discipline for similar misconduct. Additionally, the requirement that Swafford obtain a fitness-for-duty evaluation before seeking reinstatement sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney William Swafford from the practice of law in Nevada for a period of six months and one day commencing from the date of this order. Before applying for reinstatement, Swafford must obtain a fitness-for-duty evaluation from a competent, licensed neurologist. Swafford shall participate in any fee dispute arbitration proceeding instituted by his client and shall abide by any award issued thereby. Further, Swafford shall pay the costs of the bar proceedings, including $2,500 pursuant to SCR 120, within 30 days of the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                              Gibbons

_____, J.          _____, J.
Pickering                                            Hardesty

_____, J.          _____, J.
Parraguirre                                        Stiglich

cc: Chair, Northern Nevada Disciplinary Board
Law Offices of William Swafford LLC
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court